PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130

Attorneys for Defendant,
TOMMY BAHAMA GROUP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELFO CERAME, JR., an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TOMMY BAHAMA GROUP, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:18-cv-07496 FMO (MAAx)<br>Assigned to Hon. Fernando M. Olguin<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint filed:   August 23, 2018<br>Trial date:   Not assigned |

On October 16, 2018, counsel for Plaintiff, Adelfo Cerame, Jr. ("Plaintiff") and Defendant Tommy Bahama Group, Inc., a Delaware corporation ("Defendant") (collectively with Plaintiff, the "Parties"), met and conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Scheduling Conference Order dated September 21, 2018, and hereby submit this Joint Report.

### a. Statement of the Case:

Plaintiff Adelfo Cerame, Jr. is a disabled, mobility-impaired person who requires a wheelchair for mobility. Defendant, Tommy Bahama Group, Inc., conducts business in the State of California at Tommy Bahama Brea Mall. Plaintiff encountered numerous physical barriers that prevented him from equally accessing the Tommy Bahama Brea Mall's facilities, goods, services, and accommodations in his wheelchair that are available to able-bodied customers.

Plaintiff's Complaint alleges two causes of action for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Plaintiff seeks a preliminary and permanent injunction pursuant to 42 U.S.C. § 12181 *et seq.* and the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, to make Defendant's facilities at issue readily accessible to and usable by disabled patrons, as well as the statutory minimum damages of $4,000 per violation pursuant to section 52(a) of the California Civil Code. Once all discovery information is obtained, such information should allow Plaintiff to prepare more specific damage calculations.

Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief whatsoever.

### b. Subject Matter Jurisdiction:

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims under the

California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*. ("Unruh Act"). There are no issues regarding jurisdiction or venue and no parties remain to be served.

**c. Legal Issues:**

Plaintiff: Plaintiff alleges that Defendant's failure to accommodate Plaintiff's disability is in violation of the ADA, 42 U.S.C §12181, *et seq*. and the Unruh Civil Rights Act, Cal. Code, § 51, which prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever." Tommy Bahama Brea Mall is a place of public accommodation under the Americans with Disabilities Act, 42 U.S.C. Section 12181(7)(F) (the ADAAG").

Defendant: Defendant believes the key legal issues are whether Plaintiff lacks standing and whether his claims are/will be moot.

**d. Parties, Evidence, etc.:**

Plaintiff: Plaintiff's parties, percipient witnesses and evidence known at this time are: Adelfo Cerame, Jr., Defendant's employees with knowledge of Defendant's facilities at issue, the accessibility to patrons therein, the design and schematics at the respective facilities, and the placement of merchandise and display racks therein; and such other employees or agents of Defendant with knowledge of the relevant facts.

Defendant: Defendant's employees who work at the subject store have information regarding its accessibility and current condition.

**e. Insurance: (Whether there is insurance coverage and the extent of such coverage)**

Plaintiff is unaware of any insurance agreements under which an insurance company may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Defenant is not aware of any insurance policy that would cover Plaintiff's claims.

**f. Magistrate Judge:**

The Parties will not consent to a magistrate judge for all purposes, including trial.

///

**g. Discovery:**

Plaintiff: Plaintiff anticipates needing discovery regarding the material charging allegations in the Complaint and the defenses raised in the Answer. Plaintiff does not believe that discovery should be phased. Plaintiff proposes the following discovery plan:

> A. Each side shall be permitted to serve up to 25 Requests for Production, 25 Requests for Admission, and 25 Interrogatories.
>
> B. Each side shall be permitted to take three depositions of percipient witnesses as well as the depositions of any disclosed experts;
>
> C. Plaintiff is not aware of any ESI, but proposes that standard procedures be undertaken to preserve ESI and that any responsive ESI be produced in its native form.

Plaintiff proposes that discovery should be completed no later than June 1, 2019. Based on a discovery deadline of June 1, 2019, Plaintiff proposes that non-expert fact discovery conclude on January 30, that the parties exchange the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) on February 1, with expert depositions to be completed by March 30, 2019.

Defendant: Defendant intends to conduct discovery regarding Plaintiff's claims for injunctive relief and damages, Plaintiff's litigation history, Plaintiff's standing, and the barriers Plaintiff allegedly encountered. Defendant does not believe there is any reason to impose any limitations on the discovery allowed and proposes to follow the default rules. Defendant proposes the following discovery deadlines:

Completion of non-expert discovery:  March 29, 2019

Expert disclosures:  February 1, 2019

Rebuttal expert disclosures:  March 18, 2019

Completion of expert discovery:  June 1, 2019

/ / /

/ / /

**h. Motions:**

The parties do not anticipate any motions to add other parties or claims, amended pleadings, transfer venue, etc.

**i. Class Certification:**

Not applicable. In addition, the parties agree that the case is not complex and does not require the Manual on Complex Litigation.

**j. Dispositive Motions:**

The parties propose a cut-off date of 45 days before trial to hear any dispositive motions. Plaintiff anticipates filing a dispositive motion on the issue of liability and statutory damages. Defendant anticipates filing a motion for summary judgment/adjudication with respect to all of Plaintiff's claims.

**k. Settlement/Alternative Dispute Resolution (ADR):**

No settlement discussions have occurred to date. The parties are agreeable to a Panel Mediator with mediation to be completed by July 15, 2019. The parties are not agreeable to private mediation or proceeding before a magistrate.

**l. Pretrial Conference and Trial:**

The parties propose that a Final Pre-Trial Conference be set for 15 days prior to trial. The parties propose that the matter be set for trial in September of 2019.

**m. Trial Estimate:**

Plaintiff's estimates a five (5) day trial by jury. Plaintiff estimates four (4) witnesses. Defendant estimates a four day trial by jury. Defendant estimates three to four witnesses.

**n. Trial Counsel:**

Scott J. Ferrell, Esq. for Plaintiff. Greg Hurley and Michael J. Chilleen for Defendant.

**o. Independent Expert or Master:**

The parties do not believe an independent expert or special master is required.

///

**p. Other Issues:**

None at this time.

Dated: October 18, 2018    PACIFIC TRIAL ATTORNEYS, APC

By: /s/Scott J. Ferrell
Scott. J. Ferrell
Attorney for Plaintiff

Dated: October 18, 2018    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Michael J. Chilleen*
Michael J. Chilleen
Attorney for Defendant

*I, Scott J. Ferrell, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

/s/ *Scott J. Ferrell*
Scott J. Ferrell

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2018, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                               */s/ Scott J. Ferrell*
                                                  Scott J. Ferrell